## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| IN RE: | ) | **CHAPTER 7** |
| | ) | **BANKRUPTCY NO. 08-2751** |
| **AGRIPROCESSORS, INC.,** | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| **JOSEPH E. SARACHEK,** | ) | |
| in his capacity as | ) | |
| **CHAPTER 7 TRUSTEE,** | ) | **ADVERSARY NO. 10-09129** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **LUBICOM, LLC ,** | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ON MOTION FOR SUMMARY JUDGMENT

The Chapter 7 Trustee brought this adversary proceeding against Defendant, Lubicom, LLC, alleging Defendant received preferential transfers in the amount of $60,000.00.  Defendant moves for partial summary judgment arguing its affirmative defenses apply as a matter of law and reduce the Trustee's recovery to the maximum amount of $6,900.00.  The Court held a hearing on the matter. Robert Gainer appeared on behalf of Defendant, Lubicom, LLC.  Desiree Kilburg appeared on behalf of Plaintiff, Joseph E. Sarachek, in his capacity as Chapter 7

Trustee.  After hearing the parties' arguments, the Court took the matter under

advisement.  This is a core proceeding under 28 U.S.C. § 157(b)(2)(F).

## STATEMENT OF THE CASE

Trustee seeks to avoid $60,000.00 in payments Debtor made to Defendant as

preferential transfers under 11 U.S.C. § 547(b).  Defendant received these

payments in the ninety-day period before Debtor's bankruptcy petition.  Defendant

moves for partial summary judgment, arguing the affirmative defenses of 11

U.S.C. § 547(c) are established as a matter of law and limit Trustee's recovery to—

at most—$6,900.00.  The Court finds genuine issues of material fact on the

substance of the defenses and denies the Defendant's Motion for Summary

Judgment.

## BACKGROUND

Debtor owned and operated one of the nation's largest kosher meatpacking

and food-processing facilities in Postville, Iowa.  On November 4, 2008, Debtor

filed a Chapter 11 petition in the Bankruptcy Court for the Eastern District of New

York.  Debtor's bankruptcy petition and accompanying documents recited that its

financial difficulties resulted from a raid conducted by U.S. Immigration and

Customs Enforcement.  A total of 389 workers at the Postville facility were

arrested.  The raid led to numerous federal criminal charges, including a high-

profile case against Debtor's President, Sholom Rubashkin.  Debtor's Petition also

2

stated it had over 200 creditors and assets and liabilities in excess of $50,000,000.00.

The court eventually approved the appointment of Joseph E. Sarachek as the Chapter 11 Trustee. The court concluded that appointing a trustee was necessary in part "for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management" under § 1104(a)(1). After hearings in a later proceeding, the court transferred the case to this Court on December 15, 2008. This Court eventually converted the case to a Chapter 7 bankruptcy. The U.S. Trustee for this region retained Mr. Sarachek as the Chapter 7 Trustee.

Trustee seeks to recover $60,000.00 in payments made to Defendant as preferential transfers under 11 U.S.C. § 547(b). Defendant received payment from Debtor in four checks written on August 12, September 9, September 10, and September 22, respectively—each within the ninety days prior to the bankruptcy petition. Defendant requests partial summary judgment, arguing that its affirmative defenses are supported by the undisputed record and reduce the Trustee's claims to $6,900.00 as a matter of law. Defendant relies on the affirmative defenses of 11 U.S.C. § 547(c), which protect transfers for which Defendant engaged in a contemporaneous exchange for new value § 547(c)(1),

3

provided subsequent new value § 547(c)(4), or were made in the ordinary course of business § 547(c)(2).

**CONCLUSIONS OF LAW**

**I.    Standard for Summary Judgment**

Summary judgment is governed by Rule 7056 of the Federal Rule of Bankruptcy Procedure.  Rule 7056 applies Federal Rule of Civil Procedure 56 in adversary proceedings.  Rule 56 states, in relevant part, that: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The granting of "[s]ummary judgment is proper if, after viewing the evidence and drawing all reasonable inferences in the light most favorable to the nonmovant, no genuine issues of material fact exist and the movant is entitled to judgment as a matter of law."  Hayek v. City of St. Paul, 488 F.3d 1049, 1054 (8th Cir. 2007).  Summary judgment is appropriate when only questions of law are involved.  Podkovich v. Glazer's Distribs. of Iowa, Inc., 446 F. Supp. 2d 982, 995 (N.D. Iowa 2006) (quoting Aucutt v. Six Flags Over Mid-America, Inc., 85 F.3d 1311, 1315 (8th Cir. 1996)).

The burden of showing there are no genuine issues of material fact belongs to the moving party.  Winthrop Res. Corp. v. Eaton Hydraulics, Inc., 361 F.3d 465, 468 (8th Cir. 2004).  "Once the movant has supported the motion, the non-moving

4

party 'must affirmatively show that a material issue of fact remains in dispute and may not simply rest on the hope of discrediting the movant's evidence at trial.'" Schnittjer v. Houston (In re Houston), 385 B.R. 268, 271 (Bankr. N.D. Iowa 2008) (quoting Barge v. Anheuser-Busch, Inc., 87 F.3d 256, 260 (8th Cir. 1996)). "When a moving party has carried its burden under Rule 56(c), the party opposing summary judgment is required under Rule 56(e) to go beyond the pleadings, and by affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing there is a genuine issue for trial." G.E. Capital Corp. v. Commercial Servs. Grp., Inc., 485 F. Supp. 2d 1015, 1022 (N.D. Iowa 2007) (quotations omitted).

"A 'material' fact is one 'that might affect the outcome of the suit under the governing law . . . .'" Johnson v. Crooks, 326 F.3d 995, 1005 (8th Cir. 2003) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). An issue of material fact is genuine if a reasonable fact-finder could return a verdict for the nonmoving party on the question. Anderson, 477 U.S. at 252. Evidence that raises only "some metaphysical doubt as to the material facts" does not create a genuine issue of fact. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "'Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.'" Blocker v.

Patch (In re Patch), 526 F.3d 1176, 1180 (8th Cir. 2008) (quoting Matsushita, 475

U.S. at 587)).

### II.   Defendant's Motion for Summary Judgment

Defendant pleads and relies on the affirmative defenses of 11 U.S.C.

§ 547(c) in arguing for summary judgment.  The only defenses Defendant raises

with any particularity are the contemporaneous exchange for new value defense of

§ 547(c)(1), the ordinary course of business defense of § 547(c)(2), and the

subsequent new value defense of § 547(c)(4).  Subsections (c)(1), (c)(2), and (c)(4)

provide:

> (c) The trustee may not avoid under this section a transfer—
>     (1) to the extent that such transfer was—
>         (A) intended by the debtor and the creditor to or for whose benefit
>         such transfer was made to be a contemporaneous exchange for new
>         value given to the debtor; and
>         (B) in fact a substantially contemporaneous exchange;
>     (2) to the extent that such transfer was in payment of a debt incurred by
>     the debtor in the ordinary course of business or financial affairs of the
>     debtor and the transferee, and such transfer was—
>         (A) made in the ordinary course of business or financial affairs of the
>         debtor and the transferee; or
>         (B) made according to ordinary business terms . . .
>     . . .
>     (4) to or for the benefit of a creditor, to the extent that, after such
>     transfer, such creditor gave new value to or for the benefit of the
>     debtor—
>         (A) not secured by an otherwise unavoidable security interest; and
>         (B) on account of which new value the debtor did not make an
>         otherwise unavoidable transfer to or for the benefit of such
>         creditor . . . .

11 U.S.C. § 547(c).

## A.    Contemporaneous Exchange for New Value[1]

Defendant argues that its receipt of payments from the Debtor was intended

to be, and was in fact, a contemporaneous exchange for new value.  Defendant

claims that it received the payments from Debtor in exchange for advertising,

public relations, and targeted market outreach services.  Trustee resists

Defendant's motion.  Trustee argues the payments Debtor received were for

periods and amounts that did not match the invoiced sums Defendant charged

Debtor.  Trustee contends this raises a fact issue for trial because it casts serious

doubt on Defendant's argument the payments were intended to be or was a

"substantially contemporaneous exchange."  11 U.S.C. § 547(c).

To establish this defense, Defendant must make two showings.  First,

Defendant must show the parties intended a contemporaneous exchange.  Second,

Defendant must show it provided new value.  The issues here deal with whether

there was in fact a contemporaneous exchange.

### 1.    Contemporaneous Exchange Must Be Intended

The Eighth Circuit notes that one key question on the availability of this

defense is focused on the intent of the parties.  Silverman Consulting, Inc. v.

Canfor Wood Prods. Mktg. (In re Payless Cashways, Inc.), 306 B.R. 243, 248

(B.A.P. 8th Cir. 2004) (citing In re Lewellyn & Co., 929 F.2d at 428), aff'd, 394

---

[1] Defendant did not plead § 547(c)(1) as an affirmative defense.  However, both parties discussed the issue in their briefs, so the Court will address it.

F.3d 1082 (8th Cir. 2005). <u>Payless Cashways</u> provides that the intent of parties can override a delay in actual exchange. <u>Id.</u> In other words, the decision permits an exchange that was not strictly contemporaneous to be ratified by the parties' shared intent. <u>See id.</u> at 252–53. In <u>Payless Cashways</u>, the buyer paid the seller on the day the shipment of lumber was estimated to arrive at the buyer's business, even if the shipment had not arrived that day. <u>Id.</u> at 246–48. The Eighth Circuit B.A.P., citing Eighth Circuit case law, held that the intent of the parties to make a contemporaneous exchange meant the exchange could still be treated as contemporaneous within the meaning of the Code provision, even if it was not strictly contemporaneous in fact. <u>Id.</u> at 252.

Here, there are factual disputes that prevent summary judgment. Unlike <u>Payless Cashways</u>, here there were irregularities regarding Defendant's invoice dates and the amount of Debtor's payments. <u>See id.</u> at 247 ("For all these shipments, with minor exception, Payless paid by EFT for <u>specific</u> shipments <u>before or at the time</u> they arrived at Payless" (emphasis added)). The inconsistent payment dates raise at least a factual question about whether there was a clear, shared intention for payment and new value to be rendered contemporaneously. As the non-moving party, Trustee is entitled to all inferences in the factual records that support his position. <u>Matsushita</u>, 475 U.S. at 587. The Court concludes there

8

are genuine, material issues of fact about whether the parties intended the course of

payments to be a contemporaneous exchange for new value.

## 2.    Exchange Must be at Least "Substantially Contemporaneous"

Another requirement of showing a contemporaneous exchange is that the

exchange in fact was "substantially contemporaneous."  11 U.S.C. § 547(c)(1)(B).

As Trustee argues, overpayment suggests that Debtor may have been paying off

old debt, which is not a "substantially contemporaneous" exchange.  See United

Rentals, Inc. v. Angell, 592 F.3d 525, 533 (4th Cir. 2010).  In United Rentals, the

creditor–defendant claimed that when it was paid for a past due balance, the

exchange with the debtor was "substantially contemporaneous" because it retired a

claim that would otherwise have been made against the bankruptcy estate.  Id. at

529.  The Fourth Circuit held that this transfer was not representative of a

"substantially contemporaneous" exchange.  Id. at 533.  "[R]egardless of whether

the transfers set in motion a chain of events that resulted in the Debtor's

recoupment of the amounts paid, United did not show that such new value was

'given to the debtor . . . as part of a contemporaneous exchange.'"  Id. (quoting

Baker Hughes Oilfield Operations, Inc. v. Cage (In re Ramba, Inc), 416 F.3d 394,

399–400 (5th Cir. 2005)).  Defendant advances an argument similar to the one

rejected in United Rentals regarding its receipt of overpayment in this case.

Trustee also notes that payment of past due balance—unless accompanied by clear

intent and falling within a customary period—is not "substantially

contemporaneous." Payless Cashways, 306 B.R. at 251–52.  In this case, Trustee

argues none of the payments received matched the value of services provided.  In

fact, Debtor's payment to Defendant might have actually exceeded the service

value.  (Def. Mot. for Summ. J. Against Pl., ECF Doc. No. 34, at 1–2).  The

incongruity of sums raises factual questions on whether there was a "substantially

contemporaneous exchange."  It raises the factual question of whether Debtor was

actually attempting to "catch up" on old debt instead of paying for new.  Paying off

the antecedent debt of preferred creditors is what § 547 aims to avoid.  Velde v.

Kirsch, 543 F.3d 469, 472 (8th Cir. 2002).  Again, because Trustee is entitled to

the benefit from all inferences from the factual record, this Court finds there are

genuine issues of fact remaining for trial.  See Matsushita, 475 U.S. at 587.

### B.   Ordinary Course of Business

Defendant also argued that the transfers occurred in the ordinary course of

business.  Section 547(c)(2) prohibits the Trustee from avoiding a transfer made

for a debt (1) "incurred by the debtor in the ordinary course of business," and (2)

paid "in the ordinary course of business" of the debtor and transferee or "according

to ordinary business terms."  11 U.S.C. § 547(c)(2); Schnittjer v. Pickens (In re

Pickens), Bankr. No. 06-01120, Adv. No. 06-09166, 2008 WL 63251, at * 3

(Bankr. N.D. Iowa Jan. 3, 2008) (citing Harrah's Tunica Corp. v. Meeks (In re

10

Armstrong), 291 F.3d 517, 527 (8th Cir. 2002)).  "This exception was intended to leave undisturbed normal financial relations, because it does not detract from the general policy of the preference section to discourage unusual action by either the debtor or his creditors during the debtor's slide into bankruptcy."  Union Bank v. Wolas, 502 U.S. 151, 160 (1991) (quoting H.R. Rep. No. 95-595, at 373 (1977)). "In contrast, a debt will be considered not incurred in the ordinary course of business if creation of the debt is atypical, fraudulent, or not consistent with an arms-length commercial transaction."  Speco Corp. v. Canton Drop Forge, Inc. (In re Speco Corp.), 218 B.R. 390, 398 (Bankr. S.D. Ohio 1998) (citing Pioneer Tech., Inc. v. Eastwood (In re Pioneer Tech., Inc.), 107 B.R. 698, 702 (B.A.P. 9th Cir. 1988); Huffman v. N.J. Steel Corp. (In re Valley Steel Corp.), 182 B.R. 728, 735 (Bankr. W.D. Va. 1995); McCullough v. Garland (In re Jackson), 90 B.R. 793, 794 (Bankr. D.S.C. 1988); see also Shodeen v. Airline Software, Inc. (In re Accessair, Inc), 314 B.R. 386, 393 (B.A.P. 8th Cir. 2004) (stating that "unusual" practices are not ordinary).

The first part of the test—that the debt was "incurred in the ordinary course"—looks at the course of dealings between the parties and their distinct businesses.  See Armstrong, 291 F.3d at 527.  The second part of the test—whether the transfer occurred in the ordinary course of business or according to ordinary business terms—looks at whether the transfers were either "consistent with the

11

pattern of previous transfers between the parties" or consistent with industry standards.  <u>Pickens</u>, 2008 WL 63251, at *3.

Defendant states that the debt arose out of advertising and marketing services that Defendant provided to Debtor.  The debt may well have occurred in the ordinary course of the parties' normal business operations, though the record contains very little information about this issue.  Similarly, the record lacks information about whether transfers from Debtor to Defendant were made in the ordinary course of business of the parties or according to ordinary business terms. Trustee provided invoices and information about when payments were made by Debtor for August and September of 2008.  It appears that Debtor did not write checks for each invoice, but would write one check for several weeks' services. The check amounts were not equal to the invoiced amounts or combined invoiced amounts.  Defendant has not shown whether this method of payment was consistent with its previous transactions with Debtor, nor has Defendant provided evidence that this payment arrangement complies with the ordinary business terms of the relevant industry.  Genuine issues of material fact remain regarding whether the debt and transfers occurred in the ordinary course of business.

### C.   New Value Advanced Post-Transfer

Defendant also relies on the "new value" exception of § 547(c)(4).  The section provides that the Trustee's recovery is limited "to the extent that, after such

12

[preferential] transfer, such creditor gave new value to or for the benefit of the debtor." 11 U.S.C. § 547(c)(4).

> There are three requirements to the new value defense:
>
> First, the creditor must have received a transfer that is otherwise avoidable as a preference under § 547(b). Second, *after* receiving the preferential transfer, the preferred creditor must advance "new value" to the debtor on an unsecured basis. Third, the debtor must not have fully compensated the creditor for the "new value" as of the date that it filed its bankruptcy petition.

Kroh Bros. Dev. Co. v. Cont'l Constr. Eng'rs (In re Kroh Bros.), 930 F.3d 648, 652 (8th Cir. 1991) (quoting N.Y. City Shoes, Inc. v. Bentley Int'l, Inc. (In re N.Y. City Shoes, Inc.), 880 F.2d 679, 680 (3rd Cir. 1989)).

Defendant argues that following the $20,000.00 check from Debtor to Defendant written on September 10, 2008, it provided $13,200.00 of new value through services that occurred between September 12, 2008 and October 3, 2008. Trustee argues that Defendant received an additional payment of $20,000.00 on September 22, 2008. Defendant argues that Debtor's bank returned the September 22, 2008 check, and Defendant never received any value from that check. Whether the check cleared affects whether Defendant was later compensated for its services. This dispute shows that genuine issues of material fact remain.

13

## CONCLUSION

Trustee has shown a genuine issue of material fact exists as to whether the payments meet the criteria for the contemporaneous exchange of new value defense, the ordinary course of business defense, or the subsequent new value defense.  As such, summary judgment is inappropriate.

**WHEREFORE,** the Defendant's Motion for Summary Judgment is **DENIED.**

Dated and Entered: March 29, 2013

_____
**THAD J. COLLINS, CHIEF JUDGE
UNITED STATES BANKRUPTCY COURT**

14